**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000781**
**25-JAN-2017**
**08:51 AM**

NO. CAAP-16-0000781

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JAMYE WINDSOR, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1502)

ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of "Plaintiff-Appellant's Motion to Dismiss Appeal," filed on January 17, 2017, and the record, it appears that we lack jurisdiction over this appeal from the Circuit Court of the First Circuit's (**circuit court's**) September 30, 2016 "Findings of Fact, Conclusions of Law, and Order Granting Motion to Dismiss Felony Information for Failure to Commence Timely Prosecution and/or Defective Felony Information" (**Order Granting Motion to Dismiss** or **Order**) because the November 2, 2016 Notice of Appeal filed by Plaintiff-Appellant State of Hawai'i (**State**), is untimely under Rule 4(b)(1) of the Hawai'i Rules of Appellate Procedure (**HRAP**).

Although the appeal is authorized under Hawaii Revised Statutes (**HRS**) § 641-13(1) (Repl. 2016), the State's motion recognizes that its Notice of Appeal filed on November 2, 2016 was not filed within thirty days after entry of the September 30, 2016 Order, as required by HRAP Rule 4(b)(1). The State did not

obtain an extension of time to file the Notice of Appeal. Therefore, this appeal is untimely, under HRAP Rule 4(b).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal *sua sponte* if a jurisdictional defect exits'. State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). "As a general rule, compliance with the requirement of timely filing of a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack jurisdiction." State v. Knight, 80 Hawai'i 318, 323, 909 P.2d 1133, 1138 (1996) (citation and internal quotation marks omitted). HRAP Rule 26(b) provides, in relevant part:

> The Hawai'i appellate courts . . . for good cause shown . . . may extend the time prescribed by these rules for doing any act, or may permit an act to be done after the expiration of such time. Provided however, no court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.

(Emphasis added.) HRAP 26(e) provides, in relevant part, that this court may "for good cause shown . . . relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." (Emphasis added.)

Accordingly, this court lacks appellate jurisdiction over the appeal.

IT IS HEREBY ORDERED that the State's motion to dismiss the appeal is granted, and the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 25, 2017.

Presiding Judge

Associate Judge

Associate Judge

2